# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                              |   |                            |
|------------------------------|---|----------------------------|
| **THOMAS J. PARISI,**        | : |                            |
|                              | : | **C.A. No. S21C-02-003 CAK** |
| **Plaintiff,**               | : |                            |
|                              | : |                            |
| **v.**                       | : |                            |
|                              | : |                            |
| **BACKYARD WORKS INC.,**     | : |                            |
| **a Delaware Corporation,**  | : |                            |
|                              | : |                            |
| **Defendant.**               | : |                            |

**Submitted: December 5, 2022**
**Decided: December 12, 2022**

## MEMORANDUM OPINION AND ORDER

## DECISION AFTER TRIAL

Richard E. Berl, Jr., Esquire, Hudson, Jones, Jaywork & Fisher, LLC, 34382 Carpenter's Way, Suite 3, Darmouth Business Center, Lewes, DE 19958

Daniel C. Herr, Esquire, Law Office of Daniel C. Herr LLC, 1225 North King Street, Suite 1000, Wilmington, DE 19801

The parties tried this case before me on December 5, 2022. At the close of evidence and argument I took my decision under advisement. I award to Thomas J. Parisi ("Plaintiff") or ("Parisi") the sum of three thousand thirty-eight dollars and twenty-four cents plus interest at the legal rate from July 15, 2020. I am also statutorily required to award costs and attorney's fees to Plaintiff. Counsel for Plaintiff shall submit an appropriate affidavit as to fees, costs, and interest calculations no later than two weeks from the date of this Opinion and Order. Defendant's counsel shall have two weeks thereafter to file any written comments as to the fee and costs application, and as to any interest calculations. My reasoning for this decision follows.

Defendant, Backyard Works Inc., a Delaware corporation ("Backyard" or "Defendant") hired Plaintiff, as its salesperson.[1] Backyard sells and installs fences, porches, and decks. Parisi started in late February of 2020 and left the sales position in June 2020. Evidence proved that Parisi left because of an employment dispute between Defendant's owner and Parisi's daughter, who also worked for Defendant.

Backyard by its owner Ryan Lehman and its sales manager Sean Kimsey delineated the terms of Parisi's employment and compensation in a document

---

[1] At one point Defendant claimed Plaintiff was an independent contractor, but it abandoned this position prior to trial.

Defendant prepared which the parties executed on February 24, 2020. The document was simple. Parisi was paid six hundred dollars per week plus a commission in the amount of 3% on fences, and 5% on decks and porches. The contract called for commissions to be paid monthly. The agreement also had a provision in parenthesis which directed:

> "(i.e., Deposits/Payments in March to be paid the following month)"[2]

Parisi through counsel admitted at trial that the only reasonable reading of this provision was that Parisi would be paid his commissions as customers made deposits or other payments to Backyard.

At trial Parisi presented evidence of contracts he procured, or alternatively sales he made prior to leaving Backyard. He then calculated his commission by reviewing the contract to determine the sale classification (fences or others), applied the appropriate commission rate, and came up with the commission he believed due to him. He subtracted from the figure commissions he actually received to come up with the sum he claimed Backyard should have paid to him. He calculated he was owed eleven thousand eighty-six dollars and seventy-nine

---

[2] Plaintiffs Ex 1 at Tab A.

cents. Parisi also claim liquidated damages and attorney's fees and costs pursuant to Delaware's Wage Payment and Collection Act.[3]

Following Parisi's separation from Backyard, he and Mr. Lehman exchanged not so pleasant text messages concerning a number of issues, including what commissions were due Parisi.[4] Lehman on behalf of Backyard took the position Parisi was entitled to commission only for contracts where customers paid money in June 2020, but nothing else. I have no evidence or argument explaining the basis for Backyard's position.

Also, for unknown reasons Backyard did not pay Parisi his "June" commissions until sometime in early August when it caused a direct deposit to Parisi in the amount of $3,038.24. Evidence from Sean Kimsey and Parisi conclusively established these payments were to be made the second week of the following month, which would have made the compensation due the second week of July.

Not surprising to anyone, some of the contracts Parisi negotiated were not completed until well after he left Backyard. Testimony from Mr. Kimsey[5] showed that the delay between sale and construction, and most importantly additional and

---

[3] 19 *Del. C.* Ch. 11.
[4] Plaintiff's Ex 1, Tab G.
[5] Mr. Kimsey testified he had his own claims against Backyard. I found Mr. Kimsey credible despite the possible bias and accepted his testimony.

final payment, could be three months or more. Most of Parisi claims were for contracts he handled but had not been completed, and paid for by the time he left.

Initially Backyard contended it had to have other employers complete the contracts, which it contended would eliminate Parisi's right to commissions on those contracts. I saw nothing in the employment agreement or the parties' practice to support this contention.

At the close of Parisi's case Backyard pointed out by way of Motion for Directed Verdict what it considered a flaw in Plaintiff's case. As Parisi admitted, Parisi was only to be paid commissions when Backyard's customers paid it. Backyard contended Parisi submitted no proof that customers had actually paid anything on the contracts analyzed by Parisi. According to Backyard that failure of proof negates most of Parisi's claim. I agree. The evidence did not show me what, if anything, customers paid on the contracts analyzed by Parisi. The employment contract specifically conditioned commission payments on "…Deposits/Payments…" from the previous month. Parisi's counsel agreed the only legitimate reading of the quoted clause is that Parisi got paid when Backyard did – with one exception. In addition, many of the contracts were only signed on behalf of Backyard (most by Parisi himself). I had no evidence if these contracts were accepted by the customer, or if any money was ever paid. In any event the lack of proof on this point is fatal to those claims.

Now to the exception. The correspondence from Backyard[6] indicated it owed Parisi commissions for sales in June 2020. While we do not know the contracts or amounts to check the calculations, Backyard paid Parisi $3,038.24 in August. By making the payment Backyard admitted it owed the money to Parisi. Pursuant to the contract and the parties' practice it was due the second week of July.

Backyard argues the contract said the commissions were due "the following month" which it interprets as the end of July. But the parties practice and 19 *Del. C.* §1103 say different. §1103 mandates when an employee resigns, his wages are due on '…the next regularly scheduled payday…".[7] Here, based upon the evidence I heard the latest that would be the second week of July. By paying in August, Backyard was late and in violation of the Wage Payment and Collection Act as to the commission it admitted by its actions it owed Parisi.

The Act provides the remedy. Ultimately, Parisi got his money, but the Act requires liquidated damages, which is the lesser of 10% per day or double the amount due. Here the latter controls and Backyard must pay Parisi that amount.

---

[6] At Plaintiff's Ex, Tab G.
[7] 19 *Del. C.* §1103(a).

In addition, the Act requires an award of fees and costs.[8]  I will add this to the judgment after considering the appropriate affidavit.

/s/ Craig A. Karsnitz

cc:     Prothonotary

---

[8] 19 *Del. C.* §1113(c).